E-FILED
Thursday, 14 May, 2026 10:27:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES FLYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:26-cv-03103-MMM |
| | ) | |
| JB PRITZKER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Lawrence Correctional Center, alleges Defendants violated his Fourteenth Amendment right to due process in their handling of his petition for executive clemency.

The Court must "screen" Plaintiff's complaint and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient – facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

### Allegations

Plaintiff names as Defendants Illinois Governor JB Pritzker and the Illinois Prisoner Review Board.

Page **1** of **3**

Plaintiff was convicted of burglary by a jury. He is in prison on that conviction. He petitioned for executive clemency. He asserts he was denied due process in the handling of his petition for executive clemency. He seeks money damages for the purported violation.

**Analysis**

Although Illinois law establishes mandatory procedures for clemency petitions, the Governor retains complete discretion in deciding when to consider the clemency petition and whether to grant the petition. *Bowens v. Quinn*, 561 F.3d 671, 675–76 (7th Cir. 2009). "There is no Fourteenth Amendment property or liberty interest in obtaining a pardon in Illinois—no substantive entitlement, in other words—and so no ground for a claim of denial of due process." *Bowens*, 561 F.3d at 673; *see also Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 67–68 (2009) ("[N]oncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is entitled as a matter of state law."); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 283 (1998) (holding that state's clemency procedures did not violate due process because the ultimate decision maker, the Governor, retained broad discretion in granting clemency, so there was "no substantive expectation of clemency").

In *Woodard*, the Court found that "the availability of clemency, or the manner in which the State conduct[ed] clemency proceedings, [did] not impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" 523 U.S. at 283 (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("[P]ardon and commutation decisions

have not traditionally been the business of courts; as such, they are rarely, if ever,

appropriate subjects for judicial review.").

In other words, a plaintiff has no federal right to have Illinois follow its

procedures on considering clemency petition. *Antia-Perea v. Holder*, 768 F.3d 647, 660

(7th Cir. 2014) ("A gubernatorial pardon is a quintessential form of discretionary

relief."); *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of

state law is not a ground for a federal civil rights suit.").

IT IS THEREFORE ORDERED:

1. **Plaintiff's complaint, and this action, are dismissed with prejudice for failure to state a claim. Judgment to enter for Defendants and against Plaintiff, who takes nothing.**

2. **Leave to replead is denied. Amendment would be futile. There is no plausible basis for Plaintiff's claim because it is flatly foreclosed by binding precedent. This dismissal may be found by a future court to count against Plaintiff under 28 U.S.C. § 1915(g).**

Entered this 14th day of May, 2026.

*s/Michael M. Mihm*
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
